UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRISCELLA R. SAINTAL,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>SHERYL FOSTER, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:11-cv-00445-MMD-PAL<br><br>ORDER<br><br>(Defs.' Partial Motion to Dismiss<br>– dkt. no. 64<br>Plf.'s Motion for Joinder of Claims<br>– dkt. no.  76) |

I.   **SUMMARY**

Before the Court is Defendants' Partial Motion to Dismiss any and all remaining claims against Defendants Dreesen, Foster, Owens, and Ringstad. (Dkt. no. 64.) The Court has also considered Plaintiff's Opposition (dkt. no. 67), Defendants' Reply (dkt. no. 69), Plaintiff's Reply[1] to Defendants' Reply (dkt. no. 70), and Plaintiff's Amended Reply. (Dkt. no. 74.) Also before the Court is Plaintiff's Motion for Joinder of Claims. (Dkt. no. 76.) The Court has also considered Defendants' Response. (Dkt. no. 79.) Plaintiff did not submit a reply.  For the reasons discussed below, both motions are denied.

---

[1]Plaintiff's reply and amended reply are, in fact, surreplies. Local Rule 7-2(a)-(c) allows a motion, a response, and a reply. No provision is made for the filing of a surreply. "A surreply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond.*" *Kanvick v. City of Reno*, No. 3:06-CV-00058-RAM, 2008 WL 873085, at*n.1 (D. Nev. March 27, 2008)(emphasis in original). Here, Defendants' reply raises a new, alternative argument that Plaintiff should be required to "file a short, clear, and concise amended pleading setting forth with specificity her allegations of retaliation." As this argument is raised for the first time in Defendants' reply, the Court considers Plaintiff's surreplies only to the extent that they address this new argument.

## II. BACKGROUND

Plaintiff Priscella R. Saintal ("Saintal") is a current inmate at the Florence McClure Women's Correctional Center (FMWCC) in North Las Vegas, Nevada. Saintal brought this action *in forma pauperis* on March 24, 2011, alleging retaliation for grievances she filed on behalf of a co-inmate. On June 20, 2011, Saintal filed an Amended Complaint adding various officers as parties, and alleging violations of her First, Fourth, Eighth, and Fourteenth Amendment rights. In its June 20, 2011, Screening Order, this Court allowed only the First Amendment retaliation claim to proceed.

Defendants Buglia, Dreesen, Foster, Myles, Owens, Patterson, and Ringstad moved for summary judgment on the First Amendment retaliation claim arguing Saintal failed to exhaust her administrative remedies. This Court considered several grievances, including 20062914915 ("915"), 20062912916 ("916"), 20062909227 ("227"), 20062909223 ("223"), 20062908808 ("808"), 2062905228 ("228"), 20062904262 ("262"), and 200625903830 ("830"). The Court found grievances 915, 916, 227, 223, 808, and 228, were exhausted prior to the institution of the lawsuit; however, only 915 and 916 were related to the First Amendment retaliation claim and the basis of the lawsuit. Additionally, the Court found 262 and 830, were not procedurally accepted, and accordingly, not exhausted. Therefore, only grievances 915 and 916 survived the motion for summary judgment. However, this Court allowed Saintal to file a Second Amended Complaint and specifically noted that "any other retaliation claim mentioned in the [Second Amended Complaint] survives, *provided that it has also been exhausted.*" (Dkt. no. 58 at 12)(emphasis added). This Court explicitly directed Saintal to raise her equal protection claims in a separate lawsuit. Saintal filed another *in forma pauperis* civil rights complaint alleging her equal protection claims. See *Saintal v. Cox et al.*, No. 2:13-cv-01084-JCM-PAL. However, on July 11, 2013, that application was denied and the action was dismissed without prejudice because the application was incomplete. Saintal failed to "attach a statement of her inmate trust fund account for the prior six months." See *Saintal v. Cox et al.*, No. 2:13-cv-01084-JCM-PAL, dkt. no. 4.

Now, Saintal asks this Court to join the equal protection claims from *Saintal v. Cox et al.*, No. 2:13-cv-01084-JCM-PAL to this action. Defendants move to dismiss Defendants Dreesen, Foster, Owens, and Ringstad arguing that these Defendants were not implicated in the only two exhausted grievances this Court's prior order recognized.

## III.   DISCUSSION

### A.   Legal Standards

Under Federal Rule of Civil Procedure 18, "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, the opposing party must be properly joined under Federal Rule of Civil Procedure 20. Under Rule 20, the plaintiff may join defendants in one action if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal citation omitted).

///

///

///

B.  Analysis

1.  Motion for Joinder of Claims

Saintal seeks to join her equal protection claims this Court has already found "is better lodged as a separate lawsuit, for it requires separate facts, separate legal justification, and a potentially different set of evidence." (Dkt. no. 58 at 12.) This Court has already instructed Saintal to file these claims separately. She filed in forma pauperis in Saintal v. Cox et al., No. 2:13-cv-01084-JCM-PAL. However, that application was denied and the action was dismissed without prejudice. See id. Despite this dismissal, Saintal offers a single conclusory statement "that the case at bar and the equal protection claims arrived from the same incident and defendants." However, even accepting Saintal's proposition as true, because the equal protection complaint was dismissed, there is no claim or case to be joined. Allowing Saintal to re-join the claim would allow Saintal to circumvent both the mandatory screening requirements of 28 U.S.C. § 1915A(a) and this Court's filing fees. Saintal's motion is denied.

Accordingly, the Court reiterates that while the vast majority of Saintal's 65-page handwritten Second Amended Complaint recounts equal protection and substantive due process violations based on her sexual orientation, those claims are not properly a part of this action.

2.  Motion to Dismiss

Defendants move to dismiss Defendants Dreesen, Foster, Owens, and Ringstad arguing that this Court's prior order limited the instant case to grievances 915 and 916, as the only two exhausted grievances. Defendants are mistaken; this Court's prior order held that "any other retaliation claim mentioned in the [Second Amended Complaint] survives, provided that it has also been exhausted." (Dkt. no. 58 at 12.)

However, unfortunately, due to the lengthy, puzzle-like pleading, and largely disjointed allegations of the Second Amended Complaint, the Court is unable to determine which grievances have been exhausted, to which grievance each allegation relates, and which defendants were implicated in each grievance. Although Saintal

alleges that all the grievances have been exhausted, she also includes grievances this Court has expressly found have not been exhausted, and many grievances which this Court has found are unrelated to the first amendment claims. At best, Saintal's allegations amount to legal conclusions not afforded the assumption of truth. Thus, Saintal has alleged, but has not shown, she is entitled to relief. Therefore, the Court agrees with Defendants and finds Saintal's unintelligible Second Amended Complaint must be dismissed without prejudice with leave for Saintal to file a clear and concise Third Amended Complaint.

To streamline this suit and to facilitate a more efficient resolution of the matter, Saintal is instructed a file a Third Amended Complaint omitting all allegations relating to equal protection and substantive due process violations based on her sexual orientation, as those claims are not a part of this action. Instead, in the Third Amended Complaint, Saintal should identify each First Amendment retaliation grievance and the allegations surrounding each – including the actors involved, and the dates of first and second level exhaustion.

## IV. CONCLUSION

It is therefore ordered that Plaintiff's Motion for Joinder of Claims is denied.

It is further ordered that Defendants' Partial Motion to Dismiss any and all remaining claims against Defendants Dreesen, Foster, Owens, and Ringstad is denied.

It is further ordered that Plaintiff's Second Amended Complaint is dismissed without prejudice. Plaintiff is instructed to file a Third Amended Complaint, consistent with the instructions of this order, within 30 days.

DATED THIS 23rd day of September 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE