UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PRISCELLA R. SAINTAL,<br><br>  Plaintiff,<br><br>v.<br><br>SHERYL FOSTER, et al.,<br><br>  Defendants. | Case No. 2:11-cv-00445-MMD-PAL<br><br>ORDER<br><br>(Plf.'s Motion for Reconsideration<br>– dkt. no. 82) |

I. **SUMMARY**

Before the Court is Plaintiff's Motion for District Judge to Reconsider Order on Motion to Dismiss. (Dkt. no. 82.) For the reasons discussed below, the motion is denied.

II. **BACKGROUND**

Plaintiff Priscella R. Saintal ("Saintal") is a current inmate at the Florence McClure Women's Correctional Center (FMWCC) in North Las Vegas, Nevada. Saintal brought this action *in forma pauperis* on March 24, 2011, alleging retaliation for grievances she filed on behalf of a co-inmate. On June 20, 2011, Saintal filed an Amended Complaint adding various officers as parties, and alleging violations of her First, Fourth, Eighth, and Fourteenth Amendment rights. In its June 20, 2011, Screening Order, this Court allowed only the First Amendment retaliation claim to proceed. Defendants Buglia, Dreesen, Foster, Myles, Owens, Patterson, and Ringstad moved for summary judgment on the First Amendment retaliation claim, which the Court granted in part. However, the Court allowed Saintal to file a Second Amended Complaint to allege only exhausted first

amendment grievances. Then, Defendants moved to dismiss the complaint in part. On September 23, 2013, the Court dismissed the complaint in its entirety and instructed Saintal to file a Third Amended Complaint ("TAC") consistent with the Court's order. On October 8, 2013, Saintal filed her Third Amended Complaint and also moved for the Court to reconsider its Order dismissing the Second Amended Complaint.

## III. DISCUSSION

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59(e) and 60(b). Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment. The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir.1999)).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion)). Motions for reconsideration are not "the

proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Saintal does not reveal under which Rule she brings the motion, but the motion has merit under neither. Saintal simply claims that the Court committed clear error and attempts to reargue the issues presented and addressed by the Court in its prior Order. Moreover, Saintal has filed her Third Amended Complaint as directed by the very Order she now asks the Court to reconsider. Therefore, her objections and motion are moot.

## IV.  CONCLUSION

It is therefore ordered that Plaintiff's Motion for Reconsideration is denied.

DATED THIS 23rd day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE