UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PRISCELLA R. SAINTAL,<br><br>Plaintiff,<br><br>v.<br><br>SHERYL FOSTER, *et al.*,<br><br>Defendants. | Case No. 2:11-cv-00445-RFB-PAL<br><br>**ORDER** |

This case is before the Court on Plaintiff Priscella R. Saintal's Third Amended Complaint (TAC), which was filed on October 8, 2013. ECF No. 81. Saintal filed the TAC in response to the Court's Order of September 23, 2013, in which the Court dismissed her Second Amended Complaint without prejudice and directed her to file a TAC that was "clear and concise." Order, ECF No. 80. The Court found the Second Amended Complaint to be unintelligible and directed Saintal to include in the TAC only allegations relating to her First Amendment retaliation claim and related grievances. Id. at 5. No action has been taken in this case in response to the TAC because the parties were waiting for it to be screened by the Court. See Order, June 18, 2014, ECF No. 90 (denying Saintal's Motion for Default Judgment because "Defendants are not required to respond because the Court has not yet screened the TAC.").

The Court has reviewed anew the filings in this case and finds that Saintal's TAC does not need to be screened. Federal courts must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute unambiguously directs courts to screen complaints by inmates

1  against the government either before docketing or as soon as practicable after docketing.
2  However, it does not require courts, explicitly or implicitly, to re-screen every proposed
3  amended complaint once the initial screening has already been completed. This conclusion is
4  consistent with the Supreme Court's characterization of the Section 1915A screening provision
5  as one that is to occur at an early stage in order to reduce the number of meritless cases that are
6  filed. See Jones v. Bock, 549 U.S. 199, 202 (2007) ("The [Prison Litigation Reform Act, or
7  PLRA] mandates early judicial screening of prisoner complaints . . . ."); id. at 203 (noting that
8  the PLRA addresses the challenge of "ensuring that the flood of nonmeritorious claims does not
9  submerge and effectively preclude consideration of the allegations with merit."). Any risk of the
10 plaintiff amending the complaint to add frivolous claims after it has been screened is not present
11 here. The Court has reviewed the TAC and finds that it does not contain the lengthy allegations
12 that the Court has previously dismissed in this case, but rather focuses on the events that Saintal
13 alleges gave rise to her retaliation claim.

14 Given the Court's finding that the TAC does not need to be re-screened, the Court directs
15 the Attorney General's office to accept service for Defendant David Molnar and to answer or
16 otherwise respond to the TAC within 21 days.[1] The Court will enter a Scheduling Order within
17 30 days thereafter, as set forth in Local Rule 16-1, and discovery shall promptly commence. This
18 action was initiated over four years ago. The parties are advised that the Court will not tolerate
19 further delays in the litigation of this case.

20 Therefore,

21 **IT IS ORDERED** that Plaintiff Priscella R. Saintal's Third Amended Complaint (ECF
22 No. 81) shall PROCEED as alleged. Defendants shall accept service on behalf of Defendant
23 David Molnar and shall answer or otherwise respond to the Third Amended Complaint within **21**
24 **days** of the date of entry of this Order.

25 . . .

26 . . .

---

[1] See Defs.' Resp. to Notice of Intent to Dismiss Pursuant to Fed. R. Civ. P. 4(m) at 3, April 13, 2015, ECF No. 95 ("Defendants will accept service on behalf of David Molnar should the causes of action naming him are [sic] permitted to proceed forward.").

- 2 -

1 **IT IS FURTHER ORDERED** that the Notice Regarding Intention to Dismiss (ECF No. 93) is VACATED.

DATED: September 18, 2015.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**